FILED'09 DEC 07 15:58USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| AFRICAN AMERICAN CHAMBER OF COMMERCE, an Oregon Nonprofit Corporation | ) | Civil No. 09-1090-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| ELBERT A. WALTON; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Alec J. Laidlaw
LAIDLAW & LAIDLAW, PC
4800 S.W. Meadows Road, Suite 300
Lake Oswego, OR 97035

Attorney for Plaintiff

Elbert A. Walton
METRO LAW FIRM, LLC
2320 Chambers Road
St. Louis, MO 63136

Attorney for Defendants

JONES, Judge:

Plaintiff African American Chamber of Commerce brings this action[1] against defendants Elbert Walton Jr. and Metro Law Firm, LLC, alleging claims for intentional interference with economic relations, libel, and "pierce corporate veil." In essence, plaintiff alleges that in February 2009, Walton, a licensed Missouri lawyer, acting in the course and scope of his role as a member and manager of Metro Law Firm, intentionally engaged in a defamatory and libelous email and letter writing campaign that interfered with plaintiff's existing and prospective economic relationships in Oregon. Plaintiff further alleges that defendants' activities arose out of Walton's domestic relations problems in the state of Missouri.

The case is now before the court on defendants' joint motion (# 6) to dismiss plaintiff's second amended complaint or in the alternative to make more definite and certain. For the reasons explained below, defendants' motion (# 6) is denied except with respect to plaintiff's third claim, which is dismissed as moot.

DISCUSSION

Defendants seek dismissal of the Second Amended Complaint on the following grounds:

1. Plaintiff has failed to allege legal capacity to sue;

2. Plaintiff is not the real party in interest;

3. Plaintiff has failed to join indispensable parties;

4. Plaintiff has failed to state a claim because as a nonprofit corporation, it cannot suffer any economic or business loss; and

---

[1] Plaintiff filed this action in Clackamas County Circuit Court. Defendants removed it to this court on the basis of diversity jurisdiction in September 2009. The complaint at issue in this motion is plaintiff's Second Amended Complaint.

5. Plaintiff has failed to state a claim to pierce the corporate veil because Metro Law Firm is a limited liability company, and because plaintiff has not claimed any action on the part of Metro Law Firm giving rise to a substantive right to pierce the corporate veil.

In the alternative, defendants seek an order requiring plaintiff to make its claims more definite and certain.

I address these arguments in turn.

1. MOTIONS TO DISMISS

a. Failure to Allege Capacity to Sue

Defendants argue that plaintiff, a nonprofit corporation, must allege that its board of directors authorized this action, citing a Second Circuit case, Meredith v. The Ionian Trader, 279 F.2d 471 (2nd Cir. 1960), and a version of Rule 9(a) that does not exist in the current Federal Rules of Civil Procedure. See Defendant's Walton and Metro's First Amended Joint Memorandum, p. 2. In any event, defendants are incorrect about the law. By statute, an Oregon nonprofit corporation has the general power to "[s]ue and be sued, complain and defend in its corporate name," O.R.S. 65.077(1), unless the articles of incorporation provide otherwise, which is an issue not presently before the court. Moreover, Rule 9(a), contrary to defendants' rendition, specifically provides that a party's capacity to sue or be sued need not be alleged, "[e]xcept when required to show that the court has jurisdiction . . .." Fed. R. Civ. P. 9(a). This court's jurisdiction has not been challenged, consequently, defendants' motion with respect to capacity to sue lacks merit and is denied.

b. Real Party in Interest

As defendants correctly observe, "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Contrary to defendants' argument, however, plaintiff does in fact allege that defendants' actions were intended to injure plaintiff. See, e.g., Second Amended Complaint, ¶¶ 7, 10-11, 15. Whether plaintiff can support those allegations with evidence is a question not properly framed on a Rule 12 motion to dismiss. Consequently, defendants' motion with respect to real party in interest is denied.

c. Joinder of Indispensable Parties

Defendants contend that plaintiff has failed to join the actual target of the alleged defamatory statements, but makes no additional argument in support of this motion. For the reasons set forth in subsection 1(b), this motion also is denied.

d. Ability to Suffer Economic Harm or Business Loss

Defendants' argument with respect to this motion seems to be that nonprofit corporations are unable, by their very nature as nonprofit, to suffer any economic harm. Defendants have failed to provide any persuasive authority for this novel proposition, and I decline to accept it. Whether plaintiff did or did not suffer damages is not an issue properly framed by the present motion to dismiss, and this motion is denied.

e. Pierce Corporate Veil

Defendants have judicially admitted that Walton and Metro Law Firm, LLC, are one and the same. See October 21, 2009, Minute Order (dkt # 19). Consequently, plaintiff's third claim, "Pierce Corporate Veil," is moot and is dismissed.

2. MOTION TO MAKE MORE DEFINITE AND CERTAIN

Defendants contend that plaintiff's claims are not sufficiently definite and certain because plaintiff has not attached the alleged emails, letters, and other correspondence as exhibits to the complaint. Defendants overlook that the federal pleading rules do not require such specificity. Instead, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8 (a)(2). The Supreme Court has explained that "[s]uch a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citation omitted). The simplified notice pleading standard thus "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. (citations omitted).

Defendants do not actually suggest that they have not received fair notice of what plaintiff's claims are or the grounds upon which they rest. Indeed, defendants have submitted the emails and other documents at issue to the court as exhibits to their motions. Because these are Rule 12 motions, I have not considered defendants' evidentiary submissions, and note only that defendants have failed to persuade me that they do not comprehend the nature of plaintiff's claims. Whether either of plaintiff's claims have merit is an issue to be determined on summary judgment or at trial after appropriate discovery. Defendants' Rule 12(e) motion is denied.

CONCLUSION

Defendants' motion (# 6) to dismiss or in the alternative make more definite and certain is DENIED except as to plaintiff's third claim, which is DISMISSED as MOOT.

DATED this 7th day of December, 2009.

ROBERT E. JONES
U.S. District Judge